NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRODRICK T. COLLINS, | No. 15-56788 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00308-CJC-MRW |
| v. | |
| ROSS QUINN, Medical Director, individual and official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted on December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Federal prisoner Brodrick T. Collins appeals pro se from the district court's

summary judgment in his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort

Claims Act ("FTCA"), alleging deliberate indifference and medical malpractice.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Collins's deliberate indifference claim against defendants Quinn and Esquetini because Collins failed to raise a genuine dispute of material fact as to whether these defendants delayed or denied Collins appropriate medical care. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

The district court properly granted summary judgment on Collins's FTCA claim because Collins failed to raise a genuine dispute of material fact as to whether Collins's injuries were proximately caused by defendants' alleged malpractice. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (in an FTCA action, the law of the state in which the alleged tort occurred applies); *Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Ct. App. 2006) (elements of medical malpractice claim under California law); *see also Miranda v. Bomel Constr. Co.*, 115 Cal. Rptr. 3d 538, 545-46 (Ct. App. 2010) (in a personal injury action, causation must be proven within a reasonable medical probability based upon competent expert testimony).

15-56788

We reject as without merit Collins's contention that defendants committed fraud on the court.

We do not consider claims dismissed with leave to amend that Collins failed to re-allege in an amended complaint. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) (failure to replead claims after dismissal with leave to amend amounts to waiver).

**AFFIRMED.**